IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY WESTBROOK                                                            PLAINTIFF

VS.                              NO. 4:13-CV-0415 JMM

DEPUTY CALVIN REED;
SHERIFF BRUCE PENNINGTON;
JOHN and JANE DOES 1-V; and
COUNTY OF SALINE                                                             DEFENDANTS

## ANSWER TO AMENDED COMPLAINT

Come Defendants, and for their Answer to the Amended Complaint of Plaintiff, state:

1. Defendants deny the allegations of paragraph 1, including subparagraphs A-D.

2. Defendants deny the allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

5. Defendants deny the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Paragraph 9 does not require a response.

10. Defendants admit that this Court has subject-matter jurisdiction over the federal claim and supplemental jurisdiction over the state law claim.

11. Defendants admit that venue is proper.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13, but admit that at the time of the alleged incident, Defendant Reed was an employee of the Saline County Detention Center.

14. Defendants admit that Defendant Pennington was the Sheriff of Saline County at the time of the alleged incident, but deny the remaining allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15 and state that (a) Saline County is not a proper party to this action, and (b) the doctrine of respondeat superior is not applicable to actions brought pursuant to 42 U.S.C. § 1983.

16. To the extent that paragraph 16 alleges liability as against these Defendants, those allegations are denied.

17. On information and belief, and subject to proof by Plaintiff, Defendants admit that Plaintiff was arrested on or about May 8, 2011, but deny the remaining allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. To the extent that paragraph 28 alleges liability against these Defendants, the allegations are denied.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Paragraph 32 does not require a response.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Paragraph 39 does not require a response.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Paragraph 46 does not require a response.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Paragraph 52 does not require a response.

53. Defendants deny the allegations of paragraph 53, including subparts a through e.

54. Defendants join Plaintiff in demanding trial by jury.

55. Defendants deny each and every material allegation of fact which is not specifically admitted herein.

## Affirmative Defenses

56. This action is barred by the statute of limitations in force in the state of Arkansas at the time of the alleged occurrence, as adopted by federal case law interpreting 42 U.S.C. § 1983.

57. This action is barred by the doctrines of estoppel and intervening causation.

58. This action is barred by the doctrines of sovereign, statutory, and qualified immunity.

59. Any damages sustained by Plaintiff were proximately caused by his own conduct or the conduct of persons other than Defendants, and not proximately caused by these Defendants.

60. Any award of punitive damages is subject to the restrictions of the Due Process Clause as most recently interpreted by the Supreme Court of the United States.

WHEREFORE, Defendants pray that the Complaint of Plaintiff be dismissed; for costs, including attorney's fees; and for all other proper relief.

/s/ George D. Ellis
GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Defendants
Ellis Law Firm, P.A.
126 North Main Street
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 5th day of May, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

                                       /s/ George D. Ellis
                                       GEORGE D. ELLIS