IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY WESTBROOK                                                                                  PLAINTIFF

VS.                                           NO. 4:13-CV-0415 JMM

DEPUTY CALVIN REED;
SHERIFF BRUCE PENNINGTON;
JOHN and JANE DOES 1-V; and
COUNTY OF SALINE                                                                                   DEFENDANTS

**BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this case, Plaintiff complains that Defendant Reed used excessive force against him. Specifically, he contends that Reed beat him while he was in restraints. In his deposition, Defendant Reed described the events, and the manner in which he acted was not an excessive use of force under the circumstances.

**Standard of Review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex,* 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997) [quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)].

## Use of Force

*Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973), is one of the early and most noted decisions interpreting 42 U.S.C. § 1983. In that case, Judge Henry Friendly wrote:

> Certainly the constitutional protection is nowhere nearly so extensive as that afforded by the common law tort action for battery, which makes actionable any intentional and unpermitted contact with the plaintiff's person or anything attached to it and practically identified with it, see Prosser, Torts, § 9 (4th ed. 1971); . . . The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Id* at 1033.

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "[O]ur due-process excessive-force analysis focuses on whether a defendant's 'purpose . . . was to injure, punish or discipline' the detainee." [quoting *Putnam v. Gerloff*, 639 F.2d 415, 421 (8th Cir. 1981)]. *Edwards v. Byrd*, 13-1560 (8th Cir. 4-24-2014), pp. 4-5.

In his deposition, Defendant Reed was asked point-blank (accused, actually) whether he put Plaintiff in the restraint chair for punishment. Here is the exchange:

    Q  (By Mr. Swindoll) You were punishing him, weren't you?
    A     No, sir.
    Q     You were punishing him for [sic] putting him in the chair?
    A     No, sir.
    Q     What were you doing if you weren't punishing him?
    A     His acts was a disruption to what was going on in the booking area so we put him

in the chair and removed him from the booking area and put him in the multi-purpose room so that the normal procedures of booking could continue.

Deposition of Calvin Reed (Exhibit D), p. 25.

Obviously, Plaintiff was not punished. Also, Defendant Reed was quite clear regarding the "soft hand" touching of Plaintiff. It did not even constitute use of force. He stated:

    Q   And what did you do?
    A   I put my hands up, placed them on his chest to push him back down into the chair. And at that time, his — is when the chair slid against — slid over the floor and hit the wall.
    Q   And what happened to Tony when it hit the wall?
    A   As far as I know, nothing happened to him.

Deposition of Calvin Reed (Exhibit D), p. 16.

Finally, the video which is submitted in support of the Defendants' Motion for Summary Judgment supports Officer Reed's testimony in every detail.

### Statute of Limitations on Actions for Battery

The statute of limitations in force in the state of Arkansas at the time of the alleged occurrence for filing actions for battery is one year after the cause of action accrued. *Ark. Code Ann. § 16-56-104 (2)(A)*.

> Neither Section(s) 1983 nor Section(s) 1985(3) contains a specific statute of limitations. The Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under these provisions. [quoting Wilson v. Garcia, 471 U.S. 261 (1985)].

*Bell v. Fowler*, 99 F.3d 262, 265-6 (1996).

The alleged battery occurred on May 8, 2011. The Complaint (Doc. 2) was filed on July 11, 2013, two years and some 64 days later. The action is therefore barred by the one-year statute of limitations.

### Qualified Immunity

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982), holds that in order to overcome qualified immunity, the plaintiff must demonstrate that the defendant caused injury and damages to plaintiff by depriving the plaintiff

3

of a clearly established constitutional right. Such is not the case in this litigation. Plaintiff's constitutional rights were not violated. All of the Defendants are shielded by qualified immunity, and this litigation should be dismissed as against all Defendants. The familiar rule is as follows:

> The test for whether an officer is entitled to qualified immunity is twofold: (1) whether the facts alleged, taken in the light most favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. If no reasonable factfinder could answer yes to both of these questions, the officer is entitled to qualified immunity. [internal citations omitted]

*Nance v. Sammis,* 586 F.3d 604 (8th Cir. 2009).

## Conclusion

No significant force at all was used, or if it was, it was appropriate and therefore not excessive. The statute of limitations has expired for Plaintiff's claim of battery. Summary judgment should be granted to all Defendants. With respect to the failure-to-train claim and the deliberate indifference claim, those claims are moot if the action is barred by qualified immunity or the one-year statute of limitations.

/s/ George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Attorney for Defendants
Ellis Law Firm, P.A.
126 North Main Street
Benton, Arkansas 72015
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
gellisinbenton@swbell.net

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ George D. Ellis
GEORGE D. ELLIS