IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

FILED
SALINE COUNTY
CIRCUIT CLERK

2013 JUL 11 PM

ANTHONY WESTBROOK                 PLAINTIFF

v.                   NO.  BY: CWC

DEPUTY CALVIN REED;
SHERIFF BRUCE PENNINGTON;   63CV-13-404-3
JOHN and JANE DOES I-V and
COUNTY OF SALINE                   DEFENDANTS

## COMPLAINT

Comes now the plaintiff, Anthony Westbrook, by and through his attorneys, James F. Swindoll and the Law Offices of James F. Swindoll, and for his cause of action against the defendants alleges and states:

Introduction

1. This case is about the unconstitutional treatment of the detainees and inmates at the Saline County Detention Center and the specific treatment that led to the injury and inhumane treatment of detainee, Anthony Westbrook, on May 8, 2011. As detailed below the Center and the deputies who worked there acted with unreasonable force and also in an unconstitutional manner toward the plaintiff in intentionally injuring him and denying him medical treatment and caused his injury and the injury of other inmates similarly situated. It further alleges that these acts were part of the official custom and practice at the Saline County Detention Center.

2. Anthony Westbrook was being detained at the Saline County Detention Center following a traffic stop and had been held less than 6 hours when the employees beat him and denied him emergency medical care, used unconstitutional force against

1


EXHIBIT 4

him and failed to protect him from Deputy Calvin Reed and consciously refused to seek intervene as he was unreasonably restrained and tortured at their Center.

3. After being arrested and detained, Anthony Westbrook was handcuffed, restrained and beaten by Deputy Calvin Reed until his teeth were knocked from his mouth and he suffered facial and jaw and other physical injuries and other injuries constituting excessive and unconstitutional force.

4. Following the beating by Deputy Calvin Reed, Anthony Westbrook sought help and medical care from the employees at the Center and instead was unreasonably and unconstitutionally restrained for a period of 10 hours in violation his constitutional rights.

5. At all times relevant hereto the employees and supervisors at the Center were aware of the violent tendencies of Deputy Calvin Reed and allowed and facilitated his unconstitutional interaction with inmates such as Anthony Westbrook.

6. The actions of Deputy Calvin Reed and other deputies and employees in ignoring the beating and restraint constitute deliberate indifference to Anthony Westbrook's safety and known risk of harm or at worst malice designed to harm.

7. This complaint alleges through inadequate supervision and training of Detention Center employees or through willful encouragement of violent and reckless behavior the Center, the defendants collectively fail to provide and protect the constitutional rights of those persons detained or housed in the Center. The plaintiff's complaint further alleges that the employees engaged in a pattern and practice of brutality and unconstitutional restraint and denying emergency medical treatment to Anthony Westbrook and other similarly situated.

The complaint further alleges that, because of the circumstances, the beating and restraint of Anthony Westbrook was wrongful under Arkansas law and seeks damages as provided by Arkansas law.

8. Plaintiff brings this action pursuant to 42 U.S.C. 1983, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

9. Subject Matter Jurisdiction is proper in this court pursuant to 28 U.S.C §1331; 28 U.S.C. §1343 and U.S.C. §1367(a). This court has supplemental jurisdiction over plaintiff's state law claims for assault and battery pursuant to 28 U.S.C. §1367(a) as the claims form part of the same controversy as the 42 U.S.C. §1983 claim.

10. Venue is proper in this court pursuant to 42 U.S.C. §1391 (b) as the acts complained of occurred in Saline County, Arkansas.

11. Plaintiff Anthony Westbrook was injured during a beating by Deputy Calvin Reed while in custody in Saline County, Arkansas on May 8, 2011. At all times relevant hereto Anthony Westbrook was a resident and citizen of Saline County, Arkansas.

12. Calvin Reed is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and potentially lethal acts against Anthony Westbrook on May 8, 2011, herein after called Deputy Reed.

13. Bruce Pennington was and is the Sheriff of Saline County is and has been responsible for the promulgation and administration of the policies and practices of the Detention Center and for the training and supervision of the deputies of the Detention Center. Bruce Pennington is a resident of Saline County and an employee of the Saline County Detention facility at the time of unlawful, unconstitutional and potentially lethal

acts against Anthony Westbrook on May 8, 2011, hereinafter knows a Sheriff Pennington.

14.   Defendant Saline County is a county in the State of Arkansas and is responsible for policies and procedures and practices implemented its various agencies including the Detention Center and is responsible for the acts and omission of its employees, the deputies herein, through the doctrine of respondeat superior.

15.   John and Jane Doe's I-V are deputies as yet unknown and other employees of the Detention Center who participated in and acted against Anthony Westbrook and caused or facilitated beating, injury and restraint on May 8, 2011.

Facts and Allegations

16.   On May 8, 2011, Anthony Westbrook was arrested during a traffic stop and detained and placed into the custody of the Saline County Detention Center.

17.   That during his detention Anthony Westbrook was handcuffed and beaten by Deputy Reed while placed in a restraint chair for 8 hours while other deputies were aware, watching and actively allowed Deputy Reed to carry out the unconstitutional force and restraint actions complained of herein.

18.   That upon being beaten and restrained and injured by Deputy Reed, Anthony Westbrook requested help to prevent such unconstitutional treatment, he was not only denied such help but also threatened with further unconstitutional punishment if he continued to request such help.

19.   The defendants were aware that Deputy Reed intended to harm Anthony Westbrook and failed to prevent such harm in violation of their duties.

4

20. The defendants not only failed to provide such protective help but became agitated and intentionally ignored the injuries of plaintiff after he was injured.

21. That following plaintiff's beating and injury, the defendants conspired between themselves, under the guidance of the supervising official for the Detention Center to misrepresent the facts and circumstances involving the beating and injury of Anthony Westbrook to obscure their acts to avoid accountability for what they had done, including <u>destroying</u> video evidence of the beating and detention.

22. That for all times relevant before May 8, 2011, and since the Sheriff, deputies and employees have acted in unison to use excessive and unconstitutional force against the inmates and the Detention Center and have acted illegally and under color of law to physically beat and harm the inmates of the facility.

23. The County of Saline and Sheriff Pennington had a duty to implement an effective policy to train Sheriff's Deputies and Saline County Detention Center personnel in the use of reasonable force used against inmates and further to monitor or supervise the actions of the deputies to insure that they adhered to those policies.

24. The County of Saline and Sheriff Pennington failed to provide proper training and failed to promulgate an effect policy regarding the use of reasonable force against inmates held in Saline County Detention Center and further failed to supervise or monitor the force being used at the detention facility.

25. The County of Saline and Sheriff Pennington are responsible for the customs and policies observed by personnel of the Saline County Detention Center and had a duty to effectively monitor and supervise the use of force being used by the deputies on inmates in custody or being detained.

5

26. The defendants County of Saline and Sheriff Pennington knew of their constitutional duty to hire, train and discipline and supervise officers, including Deputy Reed in a manner consistent with the United States Constitution and to implement policies, practice, and procedures to ensure that deputies executed their duties in a constitutionally permissible manner.

27. Defendants the County of Saline and Sheriff Pennington knew that their acts, omissions and policies regarding treatment of inmates at the Saline County Detention Center would result in the use of excessive force against inmates and deliberate indifference to the dangers posed to inmates and detainees by Deputy Reed.

28. That the afore said deficiencies have created an atmosphere of terror and torture at the Center caused many detainees and inmates to be deprived of their constitutional rights and to endure beatings and injuries inflicted by the deputies and employees of the detention facility as hereinafter alleged.

## COUNT I

<u>Violation of 42 U.S.C. § 1983, and Amendment VIII of the Constitution of the United States- Excessive Force Against Defendant County of Saline, Calvin Reed and Defendants John and Jane Does I-V and Bruce Pennington in their Official Capacities</u>

29. Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-28.

30. That as a detainee in the Detention Center on April 11, 2011, Anthony Westbrook was entitled to the rights of all citizens of the United States and was further entitled to protection from the deputies and employees of the Detention Center including

6

but not limited to, protection from excessive force and unreasonable restraint. This was a right guaranteed under the VIII Amendment of the Constitution of the Unites States.

31. That despite plaintiff's constitutional rights, Calvin Reed named herein, with the approval of the Sheriff of Saline County beat and abused Anthony Westbrook using disproportional and excessive force under the circumstances to cause physical injury then acting in concert, denied him essential protection from Deputy Reed as herein after alleged.

32. Defendants Deputies, John and Jane Does I-IV acted in their official capacity, in that all of them, Sheriff Pennington and County of Saline promoted a custom and culture of malevolence toward inmates by encouraging brutality and refusal to protect inmates.

33. Defendants the County of Saline and Sheriff Pennington failure to provide proper training and promulgate an effective policy regarding the use of reasonable force against inmates held in the Saline County Detention Center caused Deputy Reed and, other deputies and defendants John and Jane Does I-IV to engage in use of excessive force due to a lack of training and guidance in the reasonable amount of force to be used against a detained inmate.

34. Defendants' wanton aggression and intentional failure to provide protective care from Deputy Reed under the circumstances qualifies as cruel and unusual punishment and, as such, is prohibited by Amendment VIII of Constitution of the United States.

35. Plaintiff is entitled to actual damages pursuant to 42 U.S.C. § 1983 and the laws of the State of Arkansas and reasonable attorney's fees pursuant to 42 U.S.C.

§ 1988. Plaintiff is entitled to punitive damages against the deputies named herein, defendants John and Jane Does I-V and Sheriff Pennington pursuant to 42 U.S.C. § 1983 because defendants acted in concert and with malice or with reckless disregard from which malice can be inferred against Anthony Westbrook on May 8, 2011. The County of Saline and Sheriff Pennington failed to provide proper training and promulgate an effect policy regarding the use of reasonable force against inmates held in Saline County Detention Center. In refusing to protect Anthony Westbrook from the deputies in charge of him during his detention and then intentionally failing to provide protection subjected Mr. Westbrook to cruel and unusual punishment prohibited by Amendment VIII of the Constitution of the United States.

## COUNT II

### Violation of the Constitution of the State of Arkansas, Article 2, § 9- Excessive Force Against Defendant County of Saline, The deputies and Defendants John and Jane Does I-V and Bruce Pennington in their Official Capacities

36. Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-35.

37. That as a detainee in the detention facility on May 8,, 2011, Anthony Westbrook was entitled to the rights of all citizens of the United States and was further entitled to protection from the deputies and employees of the Detention Center including, but not limited to, protection from excessive force. This was a right guaranteed under the VIII Amendment of the Constitution of the State of Arkansas.

38. That despite plaintiff's constitutional rights, the deputies named herein, with the approval of the Sheriff of Saline County, Arkansas, beat and abused Anthony Westbrook using disproportional and excessive force under the circumstances to cause physical injury and also intentionally failed to provide him protection under the circumstances as herein after alleged.

39. The deputies and defendants John and Jane Does I-V acted in their official capacity, as did Sheriff Pennington and County of Saline. They acted collectively to promote a custom and culture of malevolence towards inmates by encouraging brutality against inmates and then denied the emergency medical care the inmates required.

40. Defendants John and Jane Does I-V and Sheriff Pennington's failure to supervise and provide proper training and to promulgate an effective policy, regarding the use of reasonable force against inmates held in Saline County Detention Center caused the deputies and defendants John and Jane Does I-V to engage in the use of excessive force due to lack of training and guidance in the reasonable amount of force to be used against a detainee.

41. Defendants' wanton aggression and intentional failure to provide timely and medical care qualifies as cruel and unusual punishment and, as such, is prohibited by Ark. Const. Art., 2, § 9 (2012).

42. Plaintiff is entitled to actual damages pursuant to and reasonable attorney's fees and costs. Plaintiff is entitled to punitive damages against the deputies, defendants John and Jane Does I-V and Sheriff Pennington because defendants acted with malice or with reckless disregard from which malice can be inferred The County of

9

Saline and Sheriff Pennington failed to provide proper training and promulgate an effect policy regarding the use of reasonable force against inmates held in Saline County Detention Center. In refusing to protect plaintiff from the deputies in charge of him during his detention and in failing to provide emergency care, the defendants subjected plaintiff to cruel and unusual punishment prohibited by Amendment VIII of the Constitution of the United States.

### Count III

<u>Violation of 42 U.S.C. § 1983, and Amendment V of the Constitution of the United States- Denial of Due Process Against Defendant County of Saline and Defendant Deputies and John and Jane Doe I-V in their Individual and Official Capacities and Defendant Pennington in his Official Capacity</u>

43. Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-42.

44. Defendants denied Mr. Westbrook privileges and rights by summarily punishing him by unconstitutionally restraining him with no opportunity for defense or redress and then intentionally beating him.

45. Defendants acted in their official capacities in that they acted pursuant to a general policy or custom at Saline County Detention Center of executing penalties against inmates without granting due process or an opportunity to be heard and instead collectively beating the inmates and then denying the injured inmate needed medical care under the guise of "him resisting".

46. Defendants Saline County and Sheriff Pennington's failure to provide proper training and promulgate an effective policy regarding proper procedures and

disciplinary hearing for inmates accused of wrongdoing denied Mr. Westbrook due process of law, resulting in additional deprivations of Mr. Westbrook's liberty and property.

47. Alternatively, plaintiff brings this claim against defendants in their individual capacities.

48. Defendants conduct in beating and punishing Mr. Westbrook without any opportunity for Mr. Westbrook to address the accusations against him to avoid the beating amounts to a denial of liberty without due process of law and, as such, is prohibited by Amendment V of the Constitution of the United Sates.

49. Plaintiff is entitled to actual damages pursuant to 42 U.S.C. § 1983 and reasonable attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiff is entitled to punitive damages against defendant deputies, John and Jane Does I-V and Sheriff Pennington pursuant to 42 U.S.C. § 1983 because defendants collectively acted with malice or with reckless disregard from which malice can be inferred. In refusing to protect Anthony Westbrook from the deputies and for failing to provide emergency care, the defendants subjected Mr. Westbrook to cruel and unusual punishment prohibited by Amendment VIII of the Constitution of the United States.

### Count IV

#### Damages

50. Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-49.

51. That as a direct and proximate result of the collective acts and omissions as aforesaid Anthony Westbrook suffered great personal injury on May 8, 2011, while in custody at the Saline County Detention Center. Plaintiff claims the following damages:

   a. Medical and dental expenses in the past and reasonably certain in the future;

   b. Pain and suffering in the past and reasonably certain to be present in the future;

   c. Lost earning in the past and loss of ability to earn in the future;

   d. Scars and disfigurement; and

   e. Punitive damages to punish and deter similar conduct in the Center and in the law enforcement community in general.

That as a result of the injuries and damages as aforesaid the plaintiff has suffered damages and prays compensatory damages for a sum in excess of the minimum federal jurisdictional limits which at this time are Seventy Five Thousand Dollars, $75,000.00, exclusive of interest and cost and for punitive damages in a sum in excess of the minimum federal jurisdictional limits of $75,000.00 exclusive of interest and costs.

### COUNT V

### JURY TRIAL

52. The plaintiff prays for a trial by jury.

**WHEREFORE,** the plaintiff prays that he have judgment for compensatory damages in a sum in excess of $75,000.00, for punitive damages in a sum in excess of

$75,000.00, for attorney's fees, for his costs herein expended, for a jury trial and for all other just and proper relief.

Respectfully submitted,

JAMES F. SWINDOLL
Law Offices of James F. Swindoll
Attorneys at Law
212 Center Street, Suite 300
Little Rock, Arkansas 72201
(501) 374-1290
(501) 374-3857 fax

_____
JAMES F. SWINDOLL, Bar No. 77131