IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY WESTBROOK                                                      PLAINTIFF

v.                           NO. 4:13-CV-0415 JMM

DEPUTY CALVIN REED;
SHERIFF BRUCE PENNINGTON;
JOHN and JANE DOES I-V and
COUNTY OF SALINE                                                       DEFENDANTS

### BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE
### TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Comes now the plaintiff, Anthony Westbrook, by and through his attorney, James F. Swindoll and the Law Offices of James F. Swindoll, and submits plaintiff's Brief in Support of Response to Defendants' Motion for Summary Judgment filed herein.

### FACTS

On May 8, 2011, plaintiff was arrested and brought to the Saline County Detention Center. While detained at the Saline County Detention Center he was instructed on the process for bailing out. At the direction of the female officer on duty, plaintiff reached across the front desk to retrieve papers for bail and inadvertently took additional papers. Plaintiff took the papers into the restroom near the front desk. Deputy McCloud followed the

plaintiff into the restroom and retrieved the papers. Plaintiff complied with Deputy McCloud's requests and exited the restroom. Defendant Deputy Reed securely strapped plaintiff into the restraint chair, and yelled at the plaintiff for the alleged infraction of reaching across the desk without permission. Deputy Reed then slammed the plaintiff's head and the chair he was strapped into against the wall. Plaintiff's dental plate was broken as a result of the hit against the wall. Plaintiff was then wheeled into a courtroom and a cell. Plaintiff remained in the restraint chair for a period of four hours.

## ARGUMENT

I.  **The force used against the Plaintiff was excessive, punitive, and amounted to a violation of his fourteenth amendment due process rights.**

Pretrial detainees, as opposed to convicted prisoners, are individuals who have been charged with a crime but have not been tried and convicted of the charge. *Bell v. Wolfish*, 441 U.S. 520, 523 (1979). The Supreme Court held in *Bell v. Wolfish*, that the due process cause of the 14th amendment applies to pretrial detainees, and a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unlike convicted criminals, the state has no right to punish pretrial detainees. *Bell* at 535. Force may

be used to further legitimate security interests of the jail, but the use of force on a pretrial detainee is excessive when it is not reasonably necessary to maintain discipline. *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989).

Under the Fourteenth Amendment, a pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment. *Morris v. Zefferi*, 601 F.3d 805 809 (8th Cir. 2010). Constitutionally infirm practices are those that are punitive in intent, those that are not rationally related to legitimate purpose or those that are rationally related but are excessive in light of their purpose. *Johnson-El*, 878 F.2d at 1048. The use of force must be objectively reasonable in light of the situation presented. *Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001). When making this determination, the court must consider: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) whether it was used for punishment rather than for a legitimate purpose such as maintaining order or security within the facility; and (5) whether a reasonable officer on the scene would have used force under similar circumstances. *Andrews* 253 F.3d at 1061 n.7.

At the time he was restrained the plaintiff was not causing a security risk to the jail or causing a scene. (Exhibit 1, page 35, pages 61-63). The plaintiff did not resist being placed in the restrain chair. (Exhibit 1, page 35, pages 61-63). The plaintiff did not lunge at Deputy Reed just prior to Deputy Reed slamming the plaintiff into the wall. (Exhibit 1, page 36, pages 61-63) and (Exhibit 3, seconds 3-5). In fact, the video that does remain clearly shows the plaintiff sitting still while Deputy Reed yells in his face and then slams the plaintiff into the wall. (Exhibit 3, seconds 3-5). There is no objective evidence which demonstrates the need for the use of force against the plaintiff, and the objective evidence shows there was no legitimate jail necessity for physical force used against the plaintiff.

While Deputy Reed has testified he did not intend to punish the plaintiff, his intent to violate the plaintiff's rights can be inferred from his actions to physically restrain and beat him immediately following a dispute with the front desk officer. Mr. Westbrook testified at deposition that he was not causing a scene or resisting officers at the time he was placed in the restraint chair. (Exhibit 1, pages 35-6, pages 61-63). Deputy Reed testified that while the plaintiff was restrained he did not constitute a danger to Deputy Reed to his person. (Exhibit 2, page 15). Deputy Reed claims, even though plaintiff was still restrained, that plaintiff "lunged" at him which

necessitated the use of force (Exhibit 2, page 15-16).  However, the remaining portions of the video clearly show Mr. Westbrook strapped into the restraint chair, and not moving at the time Deputy Reed slammed Mr. Westbrook's head into the wall.  (Exhibit 3, seconds 3-5)

Deputy Reed testified in his deposition, which he signed and did not correct, that he did not know how long Mr. Westbrook was kept in the restraint chair. (Exhibit 2, page 21 line 24 – page 22 line 1).  However, Mr. Westbrook testified at deposition he was kept in the restraint chair for four hours.  (Exhibit 1, page 37).  Defendants stated they have lost the remaining video which would show the exact time period the plaintiff was restrained in the chair.  It was not until the filing of this motion, two (2) months after Deputy Reed's deposition, when Deputy Reed claimed he only kept Mr. Westbrook in the chair for forty-five minutes.  Based on the proffered testimony, a reasonable jury could find that Deputy Reed used force when it was not necessary, used and unreasonable amount of force, and used force as punishment against Mr. Westbrook on May 8, 2011, for the alleged infraction of jail rules.

**II.   Qualified Immunity does not apply because the conduct of the Defendants violated the Plaintiff's 14th Amendment Due Process Rights and these rights were clearly established at the time of the deprivation.**

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) held that qualified immunity for a state actor is designed to shield the actor from actions "insofar as their conduct does not violate clearly established statutory of constitutional rights of which a reasonable person would have known." In *Pearson v. Callahan*, 555 U.S. 223 (2009) the Supreme Court further clarified the test for qualified immunity by allowing a court to first consider whether federal law forbidding an action was clearly established at the time of that action, and then consider whether the action violated clearly established law. "If the law is clearly established, the qualified immunity defense will fail unless the official claims extraordinary circumstances and can prove that he neither knew, or should have known, of the relevant legal standard." *Johnson-El v. Schoemel,* 878 F.2d 1043, 1048 (8th Cir. 1989) quoting *Harlow v. Fitzgerald* at 818-819.

In 1989 the 8th Circuit held the use of force on a pretrial detainee is excessive when it is not reasonably necessary to maintain discipline. *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). Constitutionally infirm practices are those that are punitive in intent, those that are not rationally related to legitimate purpose or those that are rationally related but are excessive in light of their purpose. *Johnson-El*, 878 F.2d at 1048.

On May 8, 2011 it was clearly established law that a detainee cannot be punished without due process of law. Punishment includes the unauthorized use of force, the unreasonable use of force, and force used without a legitimate purpose. Deputy Calvin Reed violated Anthony Westbrook's clearly established fourteenth amendment right to due process when he punished Mr. Westbrook for an alleged infraction of jailhouse rules by strapping Mr. Westbrook into a restraint chair (Exhibit 1), slamming Mr. Westbrook's head into a wall (Exhibit 3, seconds 3-5), and then forcing Mr. Westbrook to remain in the chair for four hours (Exhibit 1, page 37).

Deputy Reed's intent to violate the plaintiff's rights can be inferred from his actions to physically restrain and beat him immediately following a dispute with the front desk officer. Mr. Westbrook testified at deposition that he was not causing a scene or resisting officers at the time he was placed in the restraint chair. (Exhibit 1, pages 35-6, pages 61-63). The remaining portions of the video clearly show Mr. Westbrook strapped into the restraint chair, and not moving at the time Deputy Reed slammed Mr. Westbrook's head into the wall. (Exhibit 3, seconds 3-5). The use of physical force against a restrained detainee who was not resisting is a clear violation of the detainee's right to be free from punishment without due process of law.

Mr. Westbrook's constitutional right to be free from punishment and excessive force were clearly established as of May 8, 2011, when the defendants violated those rights.  Defendants have not asserted that they did not know that punishing an inmate through excessive force was unconstitutional, just that they do not believe they used excessive force. However, plaintiff has proffered testimony (Exhibit 1, pages 35-6, pages 61-63) and video evidence (Exhibit 3, seconds 3-5) asserting that he was not resisting commands or creating a dangerous situation in the Detention Center, and, in fact, was strapped into a restraint chair, at the time he was slammed into a wall.

The qualified immunity defense should fail as the Defendant officials have not claimed extraordinary circumstances and cannot prove that they did not know or should not have known of the relevant legal standard. Deputy Reed testified he knew an officer should not exercise excessive force against a detainee and that other officers should step in if excessive force was being used against a detainee.   (Exhibit 2, pages 17-19). Because the plaintiff's due process rights to be free from punishment without due process of law, including the right to be free physical punishment, were clearly established at the time of this incident, and his physical punishment is documented in testimony and video evidence,

qualified immunity does not apply and does not shield the defendants from liability in this case.

**III.   The Statute of Limitations has not run as the applicable statute of limitations for a cause of action brought under 42 U.S. § 1983 and the 14th Amendment is three years.**

42 U.S. §1983 does not contain a statute of limitations.  The United States Supreme Court has held that §1983 claims accruing within a particular state are to be governed by that state's personal-injury statute of limitations, not by particular state statutes covering particular torts.  *Wilson v. Garcia*, 471 U.S 261 (1985).  The 8th Circuit has repeatedly held that the general personal-injury statute of limitations of three years governs §1983 claims brought in Arkansas.  *See Ketchum v. City of West Memphis, Ark.* 974 F.2d 81, 82 (8th Cir. 1992); *Morton v. City of Little Rock,* 934 F.2d 180, 182 (8th Cir. 1991); *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986).

The date on which plaintiff was injured as a result of the actions and inactions of the defendants was May 8, 2011.  On July 11, 2013, plaintiff filed a complaint against the defendants in the Circuit Court of Saline County, Arkansas**.** *(*Exhibit 4).  Plaintiff alleges a cause of action based on the fact the defendants' violated his due process rights under Amendment 14 of the United States Constitution and his civil rights under 42 U.S. §1983, not a cause of action for assault and battery as the defendants

claim. (Exhibit 5). As such, the statute of limitations had not run at the time this cause of action was filed.

**IV.    Summary Judgment is not proper as there are genuine issues of material fact as to the cause of action alleged by the Plaintiff.**

Summary judgment is proper where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elect. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1987). Summary judgment is only to be granted where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 250 (1986).

## **CONCLUSION**

Summary judgment should be denied as it is not proper in this case because there are genuine issues of material fact as to whether the use of force against Mr. Westbrook was reasonably necessary under the circumstances, whether the level of force used against Mr. Westbrook was

appropriate under the circumstances, whether the inaction of Deputies to stop the use of force against Mr. Westbrook was appropriate, and whether the use of force against Mr. Westbrook amounted to punishment without due process of law.  The plaintiff is able to proffer evidence on each of these material issues upon which a reasonable jury could return a verdict for the plaintiff.

The defendants are not entitled to qualified immunity as their conduct violated the plaintiff's clearly established fourteenth amendment constitutional rights to due process.  In addition, the statute of limitation has not run on this cause of action.  For all of the above reasons, the plaintiff respectfully requests this Honorable Court deny the defendants' Motion for Summary Judgment.

Respectfully submitted,

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for the Plaintiff
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on _____, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. George D. Ellis
**Ellis Law Firm**
Attorneys at Law
Post Office Box 2307
Benton, Arkansas  72018-2307


                                /s/ **James F. Swindoll**
                                Bar Number 77131
                                Attorney for the Plaintiff
                                Law Offices of James F. Swindoll
                                212 Center Street, Suite 300
                                Little Rock, Arkansas  72201
                                (501) 374-1290
                                E-mail: jswindoll@swindolllaw.com