IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY WESTBROOK                                                         PLAINTIFF

vs.                              NO. 4:13-cv-0415 JMM

DEPUTY CALVIN REED;
SHERIFF BRUCE PENNINGTON;
JOHN and JANE DOES I-V and
COUNTY OF SALINE                                                          DEFENDANTS

### DEFENDANTS' PRETRIAL DISCLOSURE SHEET

Pursuant to the requirements of Local Rule 26.2 and Rule 26(a)(3), Fed. R. Civ. P., Defendants submit this pretrial disclosure sheet:

1. The identity of the party submitting information: Defendants.

2. The names, addresses, and telephone numbers of all counsel for the party: George D. Ellis, 126 North Main Street, Benton, Arkansas 72015, (501) 315-1000, *gellisinbenton@swbell.net*.

3. A brief summary of claims and relief sought: The Plaintiff claims Defendants violated his constitutional rights because Defendants, under color of law, punished him by placing him in a restraint chair for an extended period of time, and Plaintiff claims that Defendants used excessive force while doing so.

4. Prospects for settlement: None.

5. The basis for jurisdiction and objections to jurisdiction: The Plaintiff has invoked 42 U.S.C. § 1983, together with the Court's supplemental jurisdiction to adjudicate the state claims. Defendants do not object to jurisdiction.

6. A list of pending motions: Defendants' motion for summary judgment is pending.

7. <u>A concise summary of the facts</u>: On May 8, 2011, Plaintiff was arrested and booked into the Saline County jail. While standing at the counter in the booking area, Plaintiff reached over to the counter and removed papers. When asked about this by Officer Stephen McCloud, he denied it. Officer McCloud told him to go in the bathroom to be searched. When searched, no documents were found on his person. When the documents were found behind the shower seat, Plaintiff began to scream and act belligerently, so Officer McCloud, assisted by Officer Reed, placed him in a restraint chair. At one point, Plaintiff lunged at Officer Reed. Using a soft-hand touch, Officer Reed pushed Plaintiff back down into the chair. The only restraint chair at the jail at the time was gray with a high back extending above Plaintiff's head. After a short time, Plaintiff was placed in a cell, and was released from the Saline County Detention Facility on May 9, 2011.

8. <u>All proposed stipulations</u>: Defendants were acting under color of law at all times.

9. <u>The issues of fact expected to be contested</u>:   (A)  Whether excessive force was used. (B) Whether Plaintiff was injured.

10. <u>The issues of law expected to be contested</u>: (A) Whether Defendants violated Plaintiff's constitutional rights. (B) Whether Plaintiff can recover a verdict without having sustained an injury.

11. <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer</u>: Depositions, officer reports, affidavits. Defendants may also utilize photographs of the booking area and the restraint chair, as well as video of the occurrence.

12. <u>The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony</u>: Defendants will call the parties. Defendants may also call the following persons: Crystal Drennan-McKinney, Stephen McCloud, R.J. Walker. All addresses are known to Plaintiff.

13. <u>The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery</u>: Defendants' discovery is complete. Defendants also assume that Plaintiff's discovery is as complete as it is going to be.

14. <u>An estimate of the length of trial and suggestions for expediting disposition of the action</u>: Two days.

/s/George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Attorney for Defendant
Ellis Law Firm, P.A.
126 North Main Street
Benton, Arkansas 72015
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

**CERTIFICATE OF SERVICE**

On this 9th day of June, 2014, this document was filed using the CM/ECF system which will send notification to all parties in interest.

/s/George D. Ellis
GEORGE D. ELLIS