**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ANTHONY WESTBROOK                                             PLAINTIFF

V.                              4:13CV00415 JM

CALVIN REED, Deputy;
BRUCE PENNINGTON, Sheriff;
DOES 1-5; and SALINE COUNTY                                  DEFENDANTS

<u>**ORDER**</u>

On May 8, 2011, Anthony Westbrook was arrested for driving with a suspended license, unauthorized use of a vehicle and lack of insurance. He was booked into the Saline County jail. While standing at the counter in the booking area, Plaintiff removed some papers. Plaintiff contends that he reached across the counter to retrieve papers for bail at the direction of a female officer on duty, but inadvertently took additional papers including his Arrest/Disposition Report. Plaintiff took the papers to the restroom near the front desk. Deputy Stephen McCloud retrieved Plaintiff and the papers from the restroom. Deputy Calvin Reed secured Plaintiff to a restraint chair.

Reed contends that he restrained Plaintiff because Plaintiff was screaming and would not calm down. Plaintiff argues that he complied with Deputy McCloud's instructions, exited the restroom, and was not resisting at the time Reed restrained him. Reed further contends that after being restrained, he did a "soft hand" touching of Plaintiff and the restraint chair slid back against the wall. Plaintiff claims that Reed slammed his head and the chair against the wall causing Plaintiff's dental plate to be broken. Plaintiff was then wheeled into a holding room where he remained in the restraint chair for a period of time.

Plaintiff filed suit against Defendant Reed for use of excessive force in violation of his

constitutional rights under the Fourteenth Amendment and the Arkansas Constitution, against

Defendants Pennington and Saline County for failure to train and supervise employees, for

failure to protect Plaintiff from Defendant Reed, and for maintaining a policy and practice of

unconstitutional excessive force against detainees.  Plaintiff further claims that the Defendants

violated his Fourteenth Amendment rights by punishing him and unconstitutionally restraining

him without due process or an opportunity to be heard about the alleged paper stealing.

Defendants have filed a motion for summary judgment of Plaintiff's Amended Complaint.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*, '[to] point out to the District Court,' that the
> record does not disclose a genuine dispute on a material fact.  It is

2

enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Qualified Immunity</u>

Defendants argue that Reed is entitled to qualified immunity and the claims against him should be dismissed.   "Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known."  *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009).   A two-part analysis is undertaken to determine whether an official is entitled to qualified immunity.  *Clemmons v. Armontrout*, 477 F.3d 962, 965 (8th Cir. 2007).  The threshold question asks whether the alleged facts demonstrate that the official's conduct violated a constitutional right.  *Id*. (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).  If the plaintiff meets this standard, the second step is to ask whether this right was clearly established.  *Id*. (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

Plaintiff alleges, and provides some evidence in the form of a video, that Reed slammed

Plaintiff's head into the wall while Plaintiff was secured in a restraint chair.   Because the

Plaintiff was a pretrial detainee, his relevant constitutional right arises under the Due Process

Clause of the Fourteenth Amendment.  *Putman v. Gerloff*, 639 F.2d 415, 419 (8th Cir.1981).

> '[T]he Due Process Clause protects a pretrial detainee from the use of excessive force
> that amounts to punishment.' *Graham v. Connor*, 490 U.S. 386, 395 n.10, 109 S.Ct.
> 1865, 104 L.Ed.2d 443 (1989); *see also Andrews v. Neer*, 253 F.3d 1052, 1060–61 (8th
> Cir. 2001).  Thus, our due-process excessive-force analysis focuses on whether a
> defendant's 'purpose in [using force against a pretrial detainee] ... was to injure, punish or
> discipline' the detainee. *Putman*, 639 F.2d at 421; *see also Bell v. Wolfish*, 441 U.S. 520,
> 538, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).  However, the Due Process Clause affords
> pretrial detainees at least as much protection as the Eighth Amendment provides to
> convicted prisoners.  *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).
> Therefore, if the use of force in this case would have violated the Eighth Amendment had
> the plaintiffs been prisoners, that conduct necessarily violated the plaintiffs' rights under
> the Fourteenth Amendment.

*Edwards v. Byrd,* 750 F.3d 728, 732 (8th Cir. 2014).  In other words, when this alleged assault

occurred, Plaintiff "had not been arraigned, much less convicted, so the Constitution shielded

him not only from 'cruel and unusual punishments,' . . . but from any punishment whatsoever."

*Walton v. Dawson,* 2014 WL 2053835 (8th Cir. 2014) (citing *City of Revere v. Mass. Gen. Hosp*.,

463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *Bell*, 441 U .S. at 535 n. 16).

      The Court finds that there are genuine questions of material fact as to the amount of force

used by Reed against Plaintiff and the amount of force which was reasonably necessary.  Taking

Plaintiff's allegations as true as required at this point in the litigation, Plaintiff has stated a

constitutional violation of his right to be free from excessive use of force under the Due Process

Clause of the Fourteenth Amendment by Defendant Reed.

      As to the second part of the analysis, the Court finds that the constitutional right of a

detainee to be free from excessive force is so well established that officials must be charged with

knowledge of it.  *Goodwin v. Circuit Court of St. Louis County*, 729 F.2d 541, 546 (8th Cir.

1984).  "Moreover, it is clearly established that force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose little or no threat to the security of the officers or the public." *Johnson v. Carroll,* 658 F.3d 819, 827-828 (8th Cir. 2011) (quoting *Brown*, 574 F.3d at 499).  Therefore, the Court finds that Defendants' Motion to Dismiss the § 1983 claim against Reed on qualified immunity grounds must be DENIED.

The Court must next consider whether Defendant Pennington is entitled to qualified immunity for the alleged failure to train and supervise Reed, for maintaining a policy of allowing excessive force to be used at the Saline County jail, and for failing to protect the Plaintiff from Reed's force.  "The doctrine of qualified immunity requires 'an individualized analysis of each officer's alleged conduct.'" *Walton*,  2014 WL 2053835 (8th Cir. 2014) (quoting *Roberts v. City of Omaha*, 723 F.3d 966, 974 (8th Cir.2013)).

First, Plaintiff does not make any argument in his Response to the Motion for Summary Judgment regarding Defendant Pennington or Saline County.  Therefore, the Court finds that Plaintiff has abandoned his claims against Defendant Pennington and the County.

Moreover, there are no facts in the record to support Plaintiff's claims against Defendant Pennington or Saline County.  There is no evidence that Pennington was at the jail when the incident with Reed occurred, that Pennington was aware that Reed had acted with unreasonable force against detainees in the past, or that Pennington had a policy or practice to permit unreasonable force to be used against detainees.  Therefore, Plaintiff has failed to state a claim against Defendant Pennington and Saline County.  To the extent a claim has been set forth, Defendant Pennington is entitled to qualified immunity.

Finally, Plaintiff has failed to serve Defendant John Does 1-5 within 120 days of filing

his Complaint as required by Rule 4 of the Federal Rules of Civil Procedure.  *See* Fed. R.Civ. P. 4(m).  Therefore, John Does 1-5 are dismissed.

Defendants' Motion for Summary Judgment (ECF No. 16) is GRANTED in part and DENIED in part. Defendant Calvin Reed is not entitled to qualified immunity.  All other Defendants are dismissed for the reasons set forth above.  Defendants' Motion to Amend (ECF No 29) is GRANTED.

IT IS SO ORDERED this 27th day of June, 2014.

_____
James M. Moody Jr
United States District Judge